UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

## CIVIL MINUTES – GENERAL

Case No.: 8:25-cv-00380-FWS-KES                                    Date: June 18, 2026
Title: Saul Zelaya v. Nissan North America, Inc.

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Priscilla Deason for Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDER**

Plaintiff Saul Zelaya filed this case regarding an allegedly defective car against Defendant Nissan North America, Inc. in Orange County Superior Court on January 17, 2025. (Dkt. 1-1 (Complaint).)  On April 18, 2025, after the case was removed to this court, the court issued a Scheduling Order.  (Dkt. 11 ("Scheduling Order").)  No filings were made in the case for more than a year.  (*See generally* Dkt.)  Rather, the first filing the court received came on June 4, 2026—the Scheduling Order's deadline for the first round of trial filings—in the form of a status report from Defendant.  (Dkt. 13.)  In that report, Defendant stated:

> Defendant respectfully advises the Court that certain joint filings cannot be completed at this time.  Plaintiff's counsel informed counsel for Defendant that they have been unable to contact their client and that they intend to withdraw from their representation of Plaintiff, but no motion to withdraw has been filed.  In light of Plaintiff's counsel's stated intention to withdraw, Defendant cannot complete certain filings requiring the participation of both parties.  Defendant provides this notice so that the Court is aware of the circumstances affecting the parties' ability to comply with the June 4, 2026 deadline.

---

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:25-cv-00380-FWS-KES                               Date: June 18, 2026
Title: Saul Zelaya v. Nissan North America, Inc.

(Dkt. 13.)  Defendant also filed a witness list and a memorandum of contentions of fact and law. (Dkts. 14-15.)  Plaintiff filed nothing.  (*See generally* Dkt.)

On June 10, 2026, the court ordered Plaintiff to show cause in writing why this case should not be dismissed for lack of prosecution and failure to comply with a court order. (Dkt. 16 ("OSC").)  In response to the OSC, Plaintiff's counsel states that "Plaintiff's counsel has been unable to contact Plaintiff . . . despite repeated efforts," and "[b]ecause counsel has been unable to obtain Plaintiff's participation or instructions, counsel has been unable to complete filings requiring Plaintiff's involvement."  (Dkt. 19 (Declaration of Long Cao, "Cao Decl.") ¶¶ 3-4.)  However, the time for counsel to realize they could not communicate with their client and seek appropriate relief was *before* Plaintiff failed to meet the Scheduling Order's deadline to file pretrial documents.  The court observes that counsel's declaration does not explain why Plaintiff did not alert the court to the issue in advance of the deadline to make trial filings; indeed, *Defendant's* counsel brought the issue to the court's attention when the deadlines were not met.  (*See* Dkt. 13.)  Nor does Plaintiff seek any relief from the Scheduling Order.  (*See generally* Cao Decl.)

In addition to the response to the OSC, Plaintiff's counsel filed a motion to withdraw as attorney for Plaintiff.  (Dkt. 18 ("Motion to Withdraw").)  However, the court observes that the Motion to Withdraw is noticed for a hearing on August 6, 2026—weeks after the jury trial in this case is set to begin.  (*Compare* Scheduling Order *with* Dkt. 18.)  Again, at no time has Plaintiff sought relief from the Scheduling Order.  (*See generally* Dkt.)

Scheduling orders are not "a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).  Enforcing scheduling orders is even more important "[a]s the torrent of civil and criminal cases unleashed in recent years has threatened to inundate the federal courts."  *Id.* at 611.  Efforts to efficiently resolve cases "will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines."  *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:25-cv-00380-FWS-KES                                    Date: June 18, 2026
Title: Saul Zelaya v. Nissan North America, Inc.

District courts "have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). When determining "whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

In this case, the court finds these factors support dismissal due to Plaintiff's failure to prosecute the case and comply with the court's Scheduling Order. As to the first factor, "[t]he public's interest in expeditious resolution of litigation *always* favors dismissal." *Id.*

The court finds the second factor also favors dismissal because "it is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants such as [Plaintiff]." *Id.* When a plaintiff fails to comply with a Scheduling Order, then seeks relief in the form of a Motion to Withdraw undermining all of the deadlines in the Scheduling Order, and does not seek any relief regarding the deadlines in the Scheduling Order (such as a motion or stipulation to continue them), the plaintiff "control[s] the pace of the docket rather than the Court." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (finding that this factor favored dismissal when the plaintiffs had 60 days to file an amended complaint and instead tardily filed a motion for clarification); *see Keawe v. Dept of Pub. Safety*, 2024 WL 1495085, at *2 (D. Haw. Mar. 15, 2024), *report and recommendation adopted,* 2024 WL 1492630 (D. Haw. Apr. 5, 2024) (dismissing case without prejudice when plaintiff failed to comply with court deadlines to file motion for default judgment, reasoning as to this factor that "the Court's need to manage its docket weighs in favor of dismissal because Plaintiff's failure to comply with the Court's prior orders has interfered with the Court's ability to manage its docket").

The court finds the third factor, the risk of prejudice to Defendant, weighs in favor of Defendant, as Defendant is ready to proceed to trial, (*see* Dkt. 13), but Plaintiff's actions are

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:25-cv-00380-FWS-KES                    Date: June 18, 2026
Title: Saul Zelaya v. Nissan North America, Inc.

"impair[ing] defendant's ability to proceed to trial or threaten[ing] to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642.

The court finds the fourth factor also favors dismissal because the court has attempted less drastic alternatives, but they have been unsuccessful, and any further less drastic alternatives would be futile given the state of the record regarding Plaintiff's counsel's ability to contact their client. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), *as amended* (May 22, 1992) ("[A] district court's warning to a party that his or her failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."); *see also Alliant Credit Union v. Vessel EAGLE REST*, 2010 WL 3746727, at *2 (N.D. Cal. Sept. 20, 2010) ("The Court's prior order warned Plaintiff that the failure to file an amended complaint or a notice of voluntary dismissal would result in the dismissal of the action."); *Keawe*, 2024 WL 1495085, at *2 ("Fourth, less drastic sanctions are not appropriate and would be futile given Plaintiff's repeated failure to comply with the Court's prior orders.").

Finally, the public policy favoring disposition on the merits generally weighs against dismissal, but "it logically rests upon an inherent presumption a litigant . . . has manifested a diligent desire to prosecute his or her claims." *Ewing v. Ruano*, 2012 WL 2138159, at *2 (C.D. Cal. June 12, 2012). Indeed, "it is the plaintiff's responsibility to move a case toward a merits disposition." *Thomas v. Kernan*, 2019 WL 8888200, at *1 (C.D. Cal. July 10, 2019) (citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)). Therefore, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted). The court finds Plaintiff's failure to prosecute this case and comply with the court's Scheduling Order lessens the weight of the public policy favoring disposition on the merits. *See Ewing*, 2012 WL 2138159, at *2. The court therefore finds this factor is neutral and does not preclude dismissal.

In summary, on balance, the court finds the relevant factors weigh in favor of dismissal of this case. *See Ferdik*, 963 F.2d at 1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against

_____

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:25-cv-00380-FWS-KES                               Date: June 18, 2026
Title: Saul Zelaya v. Nissan North America, Inc.

dismissal, they would not outweigh the other three factors that strongly support dismissal here.").

Finally, the court notes that even if Plaintiff had sought relief from the Scheduling Order, the court would find such relief inappropriate. A court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see* C.D. Cal. L.R. 16-14 ("Any application to modify an order entered pursuant to F.R.Civ.P. 16 shall be made to the judicial officer who entered the order."). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (quoting *Johnson*, 975 F.2d at 609). "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609 (citation and internal quotation marks omitted). "While a court may take into account any prejudice to the party opposing modification of the scheduling order," *In re W. States*, 715 F.3d at 737, the focus of the Rule 16(b) inquiry "is upon the moving party's reasons for seeking modification," *id.* (quoting *Johnson*, 975 F.2d at 609). If that party "was not diligent, the inquiry should end." *Id.* (quoting *Johnson*, 975 F.2d at 609). "The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Here, even if Plaintiff sought relief under the Scheduling Order—which Plaintiff has not—the court would find such relief inappropriate because Plaintiff has not been diligent.

For all of these reasons, this case is **DISMISSED**. *See* Fed. R. Civ. P. 41(b); *In re PPA Prods. Liab. Litig.*, 460 F.3d at 1227 ("Rule 41(b) permits dismissal for failure of the plaintiff to prosecute or to comply with any order of court."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (courts may "act sua sponte to dismiss a suit for failure to prosecute") (cleaned up); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of [their] failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Pagtalunan*, 291 F.3d at 640-43 (affirming *sua sponte* dismissal with prejudice "for failure to

---

CIVIL MINUTES – GENERAL                                                                    5

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:25-cv-00380-FWS-KES                    Date: June 18, 2026
Title: Saul Zelaya v. Nissan North America, Inc.

prosecute and for failure to comply with a court order"); *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (stating "[d]istrict courts have inherent power to control their dockets" and "[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal"); *see, e.g.*, *Keawe*, 2024 WL 1495085, at *2 (dismissing case without prejudice when plaintiff failed to comply with court deadline to file motion for default judgment).

_____